Opinion delivered May 2, 1886.

[No. 3769.]

JONAH MILLER *v*. THE STATE.

1. PRACTICE—MISDEMEANOR APPEAL BOND AND RECOGNIZANCE.—On appeal from justices and other inferior courts, to the county court, it is not required, as in cases of recognizance from the district and county courts, that the appeal bond shall name the offense of which the defendant has . been convicted.

2. SAME.—Appeal bonds and recognizances in misdemeanor cases must be approved by the court from whose judgment the appeal is prosecuted, in an amount equal at least to double the amount of the fines and costs adjudged against the appellant.   The appellate court can not approve appeal bonds in criminal cases.

APPEAL from the County Court of Collin.   Tried below before the Hon. J. A. Wolfe, County Judge.

The conviction in this case was for an indecent exposure of the person at church, a public place in the town of Melissa, in Collin county, Texas, on the fifth day of August, 1885.   The penalty imposed by the verdict was a fine of seven dollars and a half.

The opinion sufficiently discloses the case.

*Johnson & Jenkins* and *J. W. Ray,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Prosecution against appellant for an indecent exposure of his person in a public place, was commenced and tried in a justice's court, and resulted in a conviction.    Appeal was taken to the county court.    In the county court a motion was made by the county attorney to dismiss the appeal because the appeal bond did not name the offense of which the appellant had been convicted in the justice's court, nor the offense which he was required to answer on his appeal; and because the appeal bond was not in double the amount of the fine and costs adjudged against defendant in the justice's court.

As to the last objection to the bond, appellant proposed to file a new bond, sufficient in amount, in the county court, and the court refused to allow him to do so.    The motion to dismiss his appeal was sustained, and from the judgment of dismissal he appeals to this court.

On appeal from justices' and other inferior courts, to the county court, the statute does not require, as in cases of recognizance from the district and county courts (Code Crim. Proc., Arts. 851, 852), that the appeal bond shall name the offense with which the defendant is charged and convicted in the lower court.    (See Code Crim. Proc., Art. 854; Willson's Crim. Forms, No. 811, p. 391.)    With regard to the bond, however, it is a prerequisite that it shall "be approved by the court from whose judgment the appeal was taken, in an amount not less than double the amount of the fines and costs adjudged against him." (Code Crim. Proc., Art. 854.)    The court from whose judgment the appeal was taken must approve it in not less than double the amount of its judgment.    (Richardson v. The State, 3 Texas Ct. App., 69.)    Authority to approve it is not conferred upon the appellate or any other tribunal.    In this particular such bonds in misdemeanor cases differ from appeal bonds in civil cases.    In these latter cases the rule is uniform that, where the appeal bond is simply defective in amount, the appellate court will allow appellant to file a new bond, sufficient in amount.    (White & Will. Con. Rep., sec. 492.)    We know of no such rule in criminal cases.

Because the county court did not err in dismissing the appeal for want of a sufficient appeal bond, the judgment is affirmed.

*Affirmed.*